United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DAVARIS,<br><br>    Defendant.<br>_____/ | No. CR-12-0850 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**<br><br>**(Docket Nos. 29, 49)** |

        For the reasons stated on the record on June 26, 2013, the Court **DENIES** Defendant's Motion to Suppress the Fruits of an Unlawful Search. This order is intended to briefly summarize and supplement the Court's ruling. The Court found that the security sweep of Davaris' house was unconstitutional as the occupants (Davaris and Brooke) were already secured well away from the house, there was no reason to believe there was anyone else in the house at the time, and thus no reasonable suspicion of danger to the officers or others. *See U.S. v. Furrow*, 229 F.3d 805, 811-12 (9th Cir. 2000), *overruled on other grounds by U.S. v. Johnson*, 256 F.3d 295 (9th Cir. 2001); *U.S. v. Reid*, 226 F.3d 1020, 1027 (9th Cir. 2000); *U.S. v. Delgadillo-Velasquez*, 856 F.2d 1292, 1298 (9th Cir. 1988). However, the Court found that after redacting the fruits of the unconstitutional security sweep from the affidavit in support of the search warrant and refusing to afford the deference normally due to the issuing magistrate (*U.S. v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007)), the Court nonetheless found sufficient probable cause supported issuance of the search warrant. *See, e.g., U.S. v. Bishop*, 264 F.3d 919, 926 (9th Cir. 2011). The 911 call of Morgan (the informant) together with the ensuing investigation of the officers which provided some corroboration of

Morgan's report constituted probable cause to search the house for contraband and evidence of one or more crimes. The Court noted, *inter alia*, that Morgan is a citizen witness and not a paid criminal informant; Morgan's call was not anonymous as he identified himself in the 911 call and was present on the scene when the responding officers arrived; Morgan therefore risked legal sanctions for making a false report if he lied; Morgan's call to 911 was essentially contemporaneous with the reported crime by Davaris; the call was based on firsthand observation, not hearsay; the 911 call was equivalent to an excited utterance; Morgan had no obvious motive to falsify the information; his description was specific and detailed; and the police conducted some investigation and corroborated the report (Davaris and Brooke were found at the reported address). *See Ewing v. City of Stockton*, 588 F.3d 1218, 1224-25 (9th Cir. 2009); *U.S. v. Terry-Crespo*, 356 F.3d 1170, 1173-74 (9th Cir. 2004); *U.S. v. Scalia*, 993 F.2d 984, 988 (9th Cir. 1993); *U.S. v. Angulo-Lopez*, 791 F.2d 1394, 1398 (9th Cir. 1986). *Cf. U.S. v. Struckman*, 603 F.3d 731, 742 (9th Cir. 2010) (police failed to conduct independent investigation to corroborate informant). The Court further noted that Morgan's prior conviction did not pertain to his honesty and was not related to Davaris or the reported crime, and hence was not material to the probable cause determination.

IT IS SO ORDERED.

Dated: July 30, 2013

_____
EDWARD M. CHEN
United States District Judge

2